UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL CROSS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-01705** |
| **FLAGSTAR BANK, FSB; LAKEVIEW LOAN SERVICING, LLC; NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER; DEAN MORRIS, LLC; FIRST AMERICAN MORTGAGE SOLUTIONS, LLC; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)** | **SECTION: T (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff, Michael Cross. R. Doc. 14. Defendants Dean Morris, LLC ("Dean Morris"), Lakeview Loan Servicing, LLC ("Lakeview"), Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"), Flagstar Bank, N.A.[1] ("Flagstar"), and Mortgage Electronic Registration Systems, Inc. ("MERS") have submitted responses to Plaintiff's Motion, R. Doc 22; R. Doc. 23, and the Motion has been submitted to the Court.[2] For the following reasons, the Motion is GRANTED.

### I.    FACTUAL BACKGROUND

Plaintiff alleges that, on September 15, 2017, he purchased a tract of immovable property in Assumption Parish Louisiana with the municipal address 159 Patureau Drive, Morgan City,

---

[1] Flagstar Bank, N.A. was erroneously named "Flagstar Bank, FSB" in Plaintiff's original state court Petition. R. Doc. 1, p. 1.

[2] Defendant First American Mortgage Solutions, LLC ("First American") has not submitted a response to Plaintiff's Motion to Remand.

1

Louisiana 70308 (the "Property"). R. Doc. 1-2, p. 3. Plaintiff claims that despite purchasing the Property with cash funds evidenced by a Cash Sale Deed recorded in Assumption Parish's public records, mortgage and promissory note documents that he had purportedly executed that same day were recorded against the Property. R. Doc. 1-2, pp. 3-4. Plaintiff claims that each of the named Defendants played a role in an alleged fraudulent mortgage scheme: Flagstar was the originating lender, Lakeview is the current owner of the promissory note, Nationstar is the servicing agent, MERS is the nominee mortgagee, First American is a "third-party document preparer/recorder involved in the assignment(s)," and Dean Morris is the foreclosure counsel. R. Doc. 13, p. 4.

## II.  PROCEDURAL HISTORY

On June 6, 2025, Plaintiff, proceeding *pro se*, filed his Petition for Declaratory Judgment, Cancellation of Fraudulent Instruments, Quiet Title, and Damages against Defendants Flagstar, Lakeview, Nationstar, Dean Morris, First American, and MERS. R. Doc. 1-2, p. 2. Plaintiff's state court Petition, initially filed in the Twenty-Third Judicial District Court for the Parish of Assumption, Louisiana, alleges: (1) that the purported fraudulent mortgage scheme violates the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and (2) that the alleged fabrication and recordation of mortgage and loan documents violates several provisions of the Louisiana Civil Code and constitutes fraud, conspiracy, and slander. R. Doc 1-2, pp. 4-8.

On August 19, 2025, Defendants Flagstar and MERS, with the consent of all other Defendants, filed a timely notice of removal to this Court. R. Doc. 1, p. 1. Defendants argued that this Court has original subject-matter jurisdiction over Plaintiff's TILA claim because it arises

under the laws of the United States, thereby making it removable under federal statute. R. Doc. 1, p. 3 (citing 28 U.S.C. §§ 1331, 1441(a)). Defendants further asserted that this Court has supplemental jurisdiction over Plaintiff's state-law claims based on the same set of operative facts that form the basis of the federal claims. R. Doc. 1, pp. 6-8.

On August 24, 2025, Plaintiff filed an Amended Complaint, R. Doc. 13, along with a timely Motion to Remand, R. Doc. 14. With the Amended Complaint, Plaintiff withdrew his federal law claims and expressed his intent to "proceed[] exclusively under Louisiana law . . . and seek[] no relief under any federal statute, including without limitation TILA (15 U.S.C. § 1601 et seq.), RESPA (12 U.S.C. § 2601 et seq.), or the FDCPA (15 U.S.C. § 1692 et seq.)." R. Doc. 13, p. 3. Plaintiff's Amended Complaint pursues claims for a declaratory judgment of nullity, cancellation of void instruments, fraud and conspiracy, slander of title, and detrimental reliance, all under Louisiana state law. R. Doc. 13, pp. 10-15.

Plaintiff argues in his Motion to Remand that (1) because he has withdrawn any federal claims, remand is mandatory under 28 U.S.C. § 1447(c) and (2) removal was independently defective under 28 U.S.C. § 1441(b)(2) because Dean Morris, a Louisiana limited liability company whose members are citizens of Louisiana, was a properly joined and served defendant before removal. R. Doc. 13, pp. 1-3.

Defendants Dean Morris, Lakeview, and Nationstar responded to Plaintiff's Motion, stating that "if (and only if) this Honorable Court finds that the Plaintiffs First Amended Complaint operates to fully withdraw and delete all federal claims in this case, Dean Morris, Lakeview, and Nationstar agree that the Motion to Remand should be granted and this case remanded back to state court." R. Doc. 22, pp. 2-3. Defendants Flagstar and MERS "adopt[] the same position . . .

3

and agree[] that this Court would lack subject matter jurisdiction if Plaintiff withdrew any and all federal law claims or claims that would otherwise invoke this Court's original jurisdiction." R. Doc. 23, p. 2.

### III. LAW AND ANALYSIS

A defendant may remove a civil action filed in state court to a federal district court which would have original jurisdiction over the same suit. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 376, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 (1951)). Grounds for subject-matter jurisdiction in federal court include diversity jurisdiction, which is granted in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states, 28 U.S.C. § 1332(a), and federal question jurisdiction, which grants jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A suit most typically falls within that statutory grant 'when federal law creates the cause of action asserted.'" *Royal Canin U. S. A., Inc. v. Wullschleger*, 602 U.S. 22, 26 (2025) (quoting *Gunn v. Minton*, 562 U.S. 251, 257 (2013)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).

Remand is proper if at any time the Court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Here, Plaintiff's initial state court Petition asserted claims under federal law, namely, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. R. Doc. 1-2, p. 2. Because federal law creates the causes of action asserted, the Court had original jurisdiction over these claims at the time of removal.

Plaintiff argues that removal of the action to this Court was defective under 28 U.S.C. § 1441(b)(2) because Dean Morris, a Louisiana limited liability company whose members are citizens of Louisiana, was a properly joined and served defendant before removal. R. Doc. 14, p. 3. This argument is without merit. 28 U.S.C. § 1441(b), which Plaintiff refers to in his argument, allows for removal based on diversity subject-matter jurisdiction, not federal question jurisdiction. The specific portion of the statute which Plaintiff claims makes removal improper reads, "A civil action otherwise removable *solely* on the basis of the jurisdiction *under section 1332(a)* of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Clearly, this rule applies to cases removed solely based on diversity subject-matter jurisdiction. Because Defendants removed the case pursuant to federal question subject-matter jurisdiction under 28 U.S.C. § 1331, this rule does not apply, and the fact that Dean Morris was properly joined and served as a defendant has no bearing on the removal analysis.

In addition to the purported violations of federal law, Plaintiff's state court Petition asserts multiple claims under Louisiana state law. R. Doc. 1-2, pp. 4-8. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). For a district court to exercise supplemental jurisdiction over related state law claims, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Plaintiff's state law claims and federal claims derive from a common nucleus of operative fact: the same factual allegations supporting the state law claims for fraud, conspiracy, and slander (i.e., the purported fraudulent mortgage scheme involving fabrication and recordation of mortgage documents) form the basis for Plaintiff's TILA claim. Therefore, this Court had supplemental jurisdiction over Plaintiff's state law claims at the time of removal.

However, Plaintiff's subsequent filing of an Amended Complaint has changed the subject-matter jurisdiction analysis. In the Amended Complaint, Plaintiff withdrew all federal law claims that formed the basis of this Court's original jurisdiction. R. Doc. 13, p. 3. Thus, only the state law claims, which were formerly subject to supplemental jurisdiction, remain. R. Doc. 13, pp. 3-16. When a plaintiff amends her complaint to delete the federal law claims that enabled removal to a federal court, leaving only the state law claims behind, the district court loses supplemental jurisdiction over the state claims, and the case must be remanded to state court. *Royal Canin U. S. A., Inc. v. Wullschleger*, 601 U.S. 22, 43-44 (2025) ("Regardless of removal, the plaintiff's excision of her federal-law claims deprives the district court of its authority to decide the state-law

6

claims remaining."). Accordingly, this Court no longer has jurisdiction over the remaining state claims, and these claims must be remanded to state court.

Accordingly,

**IT IS ORDERED** that the Motion to Remand filed by Plaintiff, Michael Cross, is **GRANTED**.

New Orleans, Louisiana, this 24th day of October 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE